UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) Criminal No. 05-10184-GAO |
| NOEL NEFF | ) |

### NOTICE RE: AUTOMATIC DISCLOSURE

In accordance with Local Rule (LR) 116.1 the defendant, _Noel Neff_

[✓] states that no waiver will be filed and requests that the government provide automatic discovery in accordance with LR 116.1(C).

[ ] waives the automatic disclosure of discovery material pursuant to Local Rule 116.1 (B). Discovery will be obtained directly through the provisions of the Federal Rules of Criminal Procedure in the manner provided under Local Rule 116.3.

_____
Defendant

_____
Attorney for the Defendant

_8/1/05_
Date

SHEA, LaROCQUE & WOOD, LLP

47 THIRD STREET, SUITE 201
CAMBRIDGE, MASSACHUSETTS 02141-1265

MARK W. SHEA
JEAN C. LaROCQUE
CHAUNCEY B. WOOD*
AUSTIN C. TZENG

TEL 617.577.8722
FAX 617.577.7897

August 9, 2005

AUSA Robert Richardson
United States Attorney's Office
for the District of Massachusetts
United States Courthouse
One Courthouse Way
Boston, MA 02210

    Re:    <u>**United States v. Noel Neff**</u>
              **Crim. No. 05-10184-GAO**

Dear Mr. Richardson:

        Enclosed please find the Defendant's Notice Re: Automatic Disclosure. I may follow up with additional discovery requests, but in the interest of speeding the discovery process, I would like to request three specific items immediately:

1. A complete transcript of all instant message transcripts involving my client Noel Neff and any law enforcement personnel posing as a 14 year old boy named "Chris", including but not limited to FBI Special Agent David George. These communications are covered by Fed. R. Crim. P. 16(a)(1)(B)(i) and Local Rule 116.1(C)(1)(c) - Electronic Surveillance.

2. The substance of any oral statements made by the Defendant Noel Neff, before or after arrest, in response to interrogation by a person the defendant knew was a government agent, including but not limited to the substance of the statement(s) Mr. Neff gave to FBI Special Agent David George during his interrogation on July 9, 2005, in Franklin, Massachusetts. These statements are covered by Fed. R. Crim. P. 16(a)(1)(A).

3. A copy of all "search materials" as defined by Local Rule 116.1(C)(1)(b), including but not limited to an inventory of any items seized during the search of the defendant's home and his place of business.

Thank your for your attention to this matter.

Sincerely,

Chauncey B. Wood

CBW/ps
Enclosure

cc:   Clerk, United States District Court for the District of Massachusetts ✓
      Chief Magistrate Judge Charles B. Swartwood, III