# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| Unites States of America | : | Docket #: 1:05-cr-10184-GAO-1 |
| v. | : | Request to Charge |
| Noel Neff | : | May 3, 2006 |

_____

## DEFENDANT'S REQUEST TO CHARGE

Pursuant to Rule 30 of the Fed.R.Crim.Pro. the Defendant, NOEL NEFF, respectfully request that the court instruct the jury on the law as set forth in request to charge submitted herewith. Defendant further seeks the permission of this court to amend or supplement these instructions to conform to t he evidence subsequently received at trial or to legal theories adopted in response to the proof adduced.

## Request No. 1

### Burden of Proof - Reasonable Doubt

The law presumes a defendant to be innocent of crime.  Thus a defendant, although accused, begins the trial with a "clean slate,--with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused.  So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must reasonably acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions--one of innocence, the other of guilt--the jury should of course adopt the conclusion of innocence.


Authority

Devitt and Blackmar, Federal Jury Practice and Instructions, (3rd Ed.) § 11.14

**Request No. 2**

**Each Element Must Be Established Beyond Reasonable Doubt**

Unless the government proves beyond reasonable doubt that the defendant has committed every element of each offense with which he is charged, you must find him not guilty.

Authority

Devitt and Blackmar, Federal Jury Practice and Instructions, (3rd Ed.) § 11.15

**Request No. 3**

**Witness Credibility-General Instruction**[1]

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You, as jurors, are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the irreconcilably different pictures painted by the government and the defense.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness, testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness appear to know what he or she was talking

_____

[1] Adapted from the charges in United States v. Corr, 543 F.2d 1042 (2d Cir. 1976); United States v. Scotto, 641 F.2d 47 (2d Cir. 1980); Federal Judicial Center Criminal Pattern Instructions, No. 23 at 37.

about and did the  witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness, bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias prejudice or hostility that may have caused the witness-consciously or not--to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness, ability to express himself or herself.  Ask yourself whether the witness' recollection of the facts stands up in light of all the other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter in which you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**Request No. 4**

**Government As Party**

The fact that the government is a party and the prosecution is brought in the name of the United States of America does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. At the same time, the government and its witnesses are entitled to no less consideration. All parties, government and defendants alike, stand equal before the law.

Authority

L.    Sand, J. Siffert, W. Loughlin and S. Reiss, <u>Modern</u> <u>Federal Jury Instructions</u> (hereinafter referred to as "Sand"), Instruction 2-5.

**Request No. 5**

**Bias And Hostility**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Authority

Sand, supra, Instruction 7-2.

**Request No. 6**

**Interest In Outcome**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that fact in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Authority

Sand, supra, Instruction 7-3; also see United States v. Bufalino, 683 F.2d 639 (2d Cir. 1982); United States v. Frank, 494 F.2d 145 (2d Cir. 1974).

## Request No. 7

## Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is entirely proper for defense counsel to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority

Adapted from Sand, supra, Instruction 7-16.

**Request No. 8**

**Expert Witness (if Applicable)**

You have heard testimony from witnesses who were permitted to testify as "expert witnesses".   The Rules of Evidence ordinarily do not permit witnesses to testify as to their own opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witness." Witnesses who, by education and experience, have become expert in some science, profession or calling may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for their opinion.

You should consider such expert opinions and give them such weight as you may think they deserve.  If you decide that an opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.[2]

In weighing the expert's testimony, you should also consider any bias, motive or interest in the outcome of this case, you may find such expert may have.  Expert testimony is presented to you to merely assist you in your deliberations; such testimony is not binding upon you.  You should give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony simply because he is an expert; nor should you substitute it for your own factual findings, conclusions, judgment or common sense.  The determination of the facts of

---

[2] **Adapted from Devitt, Blackmar and Wolf, Federal Jury Practicing Instructions Vol. 3 § 7208 pp. 39-40.**

this case rest exclusively with you as jurors.  The expert's "opinions" are offered to you

only as an aid.[3]

---

**Request No. 9**

**Government Witness - Not Proper To Consider Guilty Plea**

You have heard testimony from a government witness(s) who have pled guilty to charges arising in the indictment. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a prosecution witness has pled guilty to similar charges. That witness, decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

Authority

Adapted from Sand, supra, Instruction 7-10.

**Request No. 10**

**Credibility - Prior Inconsistent Statements**

Evidence of prior inconsistent statements made by various witnesses have been offered in this trial.  A prior inconsistent statement is a statement allegedly made by a witness at some point prior to his or her testimony in court, which is inconsistent with or contradictory to all or part of that witness, testimony in court.

If you find that a witness made a prior inconsistent statement, you may weigh that fact in assessing that witness' credibility.  In other words, you may consider whether or not you believe the witness or accept his or her testimony, in light of the fact that he or she made a prior inconsistent statement, if you so find.

A witness may also be impeached by showing that he or she made a prior inconsistent statement under oath, as well as by showing that he or she lied under oath in his or her testimony at this trial.

Authority

Adapted from Sand, supra, Instruction 7-19.

## Request No. 11

## Defendant's Election Not To Testify

Each of the defendants before you, as every other defendant in a criminal case, has the right to refrain from giving testimony of his own. The law does not compel a defendant in a criminal case to take the witness stand and testify. Consequently, if any defendant elects to exercise that right, it is your absolute obligation to draw no inference of any sort from the fact that he has not testified.

You are not to speculate why a defendant did not testify or about what he might have said if he had elected to testify.

You are to confine your deliberations exclusively to the question of whether or not--on the evidence actually before you--the government has established beyond a reasonable doubt the guilt of the defendant you are considering.

I repeat that you must not permit the defendant's decision not to testify to influence you in any way. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. That burden is with the government throughout the trial.

Authority

Sand, supra, Instruction 5-21.

## Request No. 12

## Charts and Summaries

Various charts and other exhibits summarizing evidence have been presented by the parties.  In some instances, those exhibits have been admitted in evidence for the sake of convenience. other times, the charts and summaries were not offered in evidence but used merely to aid your understanding of documents, records, or testimony that were admitted in evidence.

In either event, it is up to you to decide what weight, if any, to give to such charts and summaries.  If you find that any chart or summary was inaccurate or misleading, you are to disregard it entirely.

Authority:

Adapted from Sand, supra, Instructions 5-12 and 5-13, Devitt and Blackmar, supra, Instruction 15.23.

## Request No. 13

### Inferences

Your verdict in this case may only be based upon the "evidence" which has been presented. "Evidence" consists of the testimony, exhibits and any stipulations that may have been entered into by the parties; nothing else constitutes "evidence." However, in considering the evidence, you are permitted to draw reasonable inferences which are justified in the light of your experience. Drawing an inference involves the process of reaching a conclusion as to the occurrence of an event which has not been directly proven, by relying upon facts or events that have been directly proven.

Inferences are not "required" they are merely "permissible.,, Whether you infer the existence of something from the "evidence,, is entirely up to each individual juror. Each juror must be guided by his or her own sense of whether an inference is justified or reasonable under all of the circumstances presented. Each juror should carefully weigh what inferences, if any, to draw from the evidence which has been presented.

In determining what may reasonably be inferred from the evidence, there are several principles which apply. First, you are not entitled to build one inference upon another. That is to say, once you have formed a conclusion--or inference--based upon the evidence which was directly proven, you may not thereafter draw yet a further, or second, inference based upon the first inference. To put it differently, you may not pile inference upon inference. Another principle which applies to inferences is that one may not draw an inference which would be "at war" with undisputed facts or evidence. That is to say, while you are free to accept or reject any evidence which you do not believe or find was not adequately proven, you may not draw an inference which is directly inconsistent with

other proof which you have accepted.

Finally, I instruct you that if you find that two inferences could be drawn from the defendant's conduct, one consistent with a guilty purpose and one consistent with an innocent purpose, because a defendant is presumed innocent, you must draw that inference which is consistent with an innocent purpose.

**Request No. 14**

**Notes**

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes which anyone may have made may not be given any greater weight or influence in the determination of the case than the recollection or impression of other Jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollection and another juror's notes should be settled by asking to have the Court reporter to read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Authority:

Adapted from, <u>Charges to the Jury and Request to Charge in Criminal</u> Cases, Callaghan, Vol. 1 § 2:27 p. 81.

**Request No. 15**

**Unlawfully, Knowingly And Wilfully**

Before you may convict a defendant on any count, you must find beyond a reasonable doubt that such defendant acted unlawfully, knowingly, and wilfully.

"Unlawfully" means contrary to law.  An act is done "knowingly,' if it is done voluntarily and purposefully and not because of mistake, accident, mere negligence, or any other innocent reason.  An act is done "wilfully" if it is done knowingly, deliberately, intentionally, and with an evil motive or purpose.

In determining whether a defendant has acted wilfully, it is not necessary for the government to establish that the defendant knew that he was breaking any particular law or particular rule.  It must, however, prove a bad purpose or motive on the part of the defendant.

Guilty knowledge cannot be established by demonstrating inadvertence. carelessness, negligence, or other innocent reasons on the part of a defendant.  You may convict a defendant only if you find that he had actual knowledge of the unlawful nature of his conduct.


Authority:

Adapted from Sand, supra, Instruction 3A-1, 3A-3.

**Request No. 16**

**Guilt Is Personal**

It is your duty to give separate, personal consideration to the case of each of the defendants in this case. When you do so, you should analyze what the evidence in the case shows, if anything, with respect to each of the defendants as individuals, leaving out of consideration entirely any evidence admitted solely against the other defendant. Each defendant is entitled to have his case determined from evidence as to his own acts, statements and conduct, and any other evidence in the case which may be applicable to him.

In short, the guilt or innocence of each defendant on trial must be determined separately and must be based solely on the evidence or the lack of evidence presented as to his involvement in the crime charged, even though there may be evidence regarding the involvement of others. And before you can find any defendant on trial guilty as to the charge made against him, you must be persuaded of his guilt by the evidence of his personal involvement beyond a reasonable doubt.

Authority:

Adapted from Devitt and Blackmar, Federal Jury Practice and Instructions, Vol. 1 § 11.09;
Sand, supra, Instruction 3-5.

**<u>Request No. 17</u>**
**<u>Inference of Participation From Mere Presence</u>**

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.

In order to find the defendant guilty of the crime, the government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crime, the defendant knowingly, deliberately, and voluntarily associated himself with the crime in some way as a participant - someone who wanted the crime to be committed not as a mere spectator.

<u>Authority:</u>

Sand, Instruction 6-3; <u>Hicks v. United</u> States, 150 U.S. 442 (1893); Devitt & Blackmar, Instruction 16.09.

**Request No. 18**
**Credibility Of Witnesses - Inconsistent Statements**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

Authority:

Devitt & Blackmar, Instruction 15.06.

**Request No. 19**
**Supplementary Request: Direct and Circumstantial Evidence**

When the defense relies upon circumstantial evidence you should not and are not to hold the defense to proving facts that convince you beyond a reasonable doubt of their existence. The defendant in a criminal trial is never obligated to prove any facts beyond a reasonable doubt. Only the prosecution has the burden of proving facts beyond a reasonable doubt. Hence, if the defenses proof that it has advanced at trial on a given fact is in your judgment believable or credible then you may accept it as proven. Again, the law recognizes that the defendant in a criminal trial never has the burden to put on any evidence at trial but, when a defendant does elect to present evidence he does not have to convince you beyond a reasonable doubt that a fact exists.

Authority:

In re: Winship, 397 U.S. 358 (1970) (Note: This instruction is offered as a supplement to the Government's charge on direct and circumstantial evidence and should be read in conjunction with it.)

**<u>Request No. 20</u>**
**<u>Burden Of Proof Presumption Of Innocence Reasonable Doubt</u>**

I instruct you that you must presume the defendant to be innocent of the crimes charged.  Thus, the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" - with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone is therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross examining the witnesses for the government.

The burden then is on the government to prove the defendant guilty with respect to every element of the crime with which he is charged and the defendant does not have to prove his innocence.  It is not enough for the government to prove certain of those elements because if proof of even one of them is lacking with respect to a charge, you would have to find the defendant not guilty of that charge.  The government, in other words, can sustain its burden only if the evidence before you establishes the existence of every element constituting the crime charged beyond a reasonable doubt.  If the government fails to sustain its burden, you must find the defendant not guilty.  If the jury

views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury must, of course, adopt the conclusion of innocence.

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in the most important matter in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. It is not required that the government prove guilt beyond all possible doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.


Authority:

Devitt & Blackmar, Instruction 12.10; Sand, Instruction 4-2; Holland v. United States, 348 U.S. 121 (1954); United States v. Ivic, 700 F.2d 51 (2d Cir. 1983); United States v. Magnano, 543 F.2d 431 (2d Cir. 1970).

Respectfully submitted,

Noel Neff

By: /s/ ~~Francis~~ L. O'Reilly_____
            Francis L. O'Reilly,
            Fed. Bar No.: CT17505
            87 Ruane Street
            Fairfield, CT 06430
            Phone:  203-319-0707
            Fax: 203-319-0128
            Email: Attflor@aol.com

## CERTIFICATE OF SERVICE

      I, Francis L. O'Reilly, do hereby certify that I delivered a copy the attached motion via first class mail, post prepaid to:

Robert E. Richardson, Esq.
United States Attorney's Office
1 Courthouse Way
Boston, MA 02210

Dated:

            By: /s/ ~~Francis~~ L. O'Reilly_____
                Francis L. O'Reilly