UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | : | Docket No. 05-10184 |
| V. | : | |
| NOEL NEFF | : | December 8, 2006 |

## MEMORANDUM IN AID OF SENTENCING

The defendant, Noel Neff, submits this memorandum as an aid to the Court in his sentencing. On July 21, 2005, the Defendant was charged in a two-count Indictment charging Use of Interstate Facility to Induce a Minor to Engage in Sexual Activity in violation of Title 18 of the United States Code Section 2422(b) and Interstate Travel to Engage in Sexual Conduct with a Minor in violation of Title 18 of the United States Code Section 2423(b). On May 18, 2006, after a jury trial, Mr. Neff was found guilty of Counts One and Two of the Indictment. Finally, following the guilty verdict, the Defendant's pretrial release conditions were revoked and the Defendant was remanded to the custody of the U.S. Marshal Service.

I.   OBJECTION TO PRESENTENCE REPORT

The Defendant hereby objects to a two level increase recommended in paragraph 34 of the Presentence Report. More specifically, the Defendant contends that there was not undue influence place upon anyone as there is no cognizable victim in this case.

Accordingly, this Court should not apply to a two level enhancement as suggested in the PSR.

> U.S.S.G. 2G1.3 Application Note 3(B) provides in relevant part:
>
> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption, for purposes of subsection [2.G1.3] (b)(2)(B), that such participant *unduly influenced* the minor to engage in prohibited sexual conduct. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

(Emphasis Added) *Sentencing Guidelines*, § 2G1.3 Application Note 3(B). In this case, the Federal Bureau of Investigation Special Agent David George acted as an undercover agent and adopted the persona of a Fourteen year-old boy. While masquerading as a teenaged boy, Special Agent George engaged the Defendant in a series of online chats of an explicit nature. This guideline enhancement is for the situation where and older person exerts a greater influence over a minor in order for that person gratify his sexual desire. For the Court to rely on the presumption given the age difference of the parties is unfair in the context of this case. The minor in this case is an adult FBI agent trained in cybersex crimes. The FBI agent played along with Mr. Neff in order to entice Mr. Neff into committing the crimes alleged in this indictment. To now suggest that Mr. Neff's guideline calculation should be enhanced for exerting undue influence over a minor when there is no actual minor is unfair. This enhancement is artificially increasing Mr.Neff's already severe punishment is a case.

    I.       IMPOSITION OF A NON GUIDELINE SENTENCE

Mr. Neff respectfully requests the Honorable Court to impose a sentence of sixty (60) months; the mandatory minimum period of incarceration allowed under the statute referenced above. The United States Sentencing Guidelines operate in the context of section 3553 of Title 18 of the United States Code. Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater then necessary...

    A.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B.    to afford adequate deterrence to criminal conduct;

    C.    to protect the public from further crimes of the defendant; and,

    D.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", 18 U.S.C. section 3553(a).

The decision in United States v. Fanfan,. 543 U.S.___ (2005) at 2, make the sentencing guidelines non-mandatory and "effectively advisory." Id. In fact, the court in Fanfan directs that the lower courts "to consider guideline ranges … but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. The other statutory concerns are delineated in 18 U.S.C. 3553(a) (1) as the nature and circumstance of the offense and the history and circumstance of the defendant. Id. Further, by excising the mandatory application of the guideline as stated in 18 U.S.C. 3553(b)(1), the remaining statutory provision regarding the imposition of a sentence is § 3553 (a)(1), which provides very broad criteria for courts to consider when imposing sentence.

Accordingly, both the sentence guidelines and the provisions of § 3553(a) must be considered. U.S. v. Fanfan at 2.

It is Mr. Neff's position that the sentencing guidelines are now one of many factors a court may consider in sentencing a defendant. While it is true that courts must consider the guidelines, there is no mandate that they must be presumed reasonable, or for that matter, followed at all. A court may consider the guidelines and conclude that their application to a particular defendant would result in an inappropriate sentence for a defendant and sentence the defendant to a sentence the court deems fit. This court's decision will be reviewed for reasonableness which is a very deferential standard of review.

Mr. Neff is asking the Honorable Court to impose a non-guideline sentence. After reviewing the PSR, the question that comes to mind is why is someone like Noel Neff is before the Court facing such a lengthy period of incarceration. By all measures Mr. Neff has led an exemplary life up until his arrest on these charges. Noel's childhood was marred by his very serious medical problems which caused him to be hospitalized for nearly two years. Noel's childhood affliction improved, however, many of the children he made friends with while hospitalized never went home. This traumatic childhood experience has helped form the person Mr. Neff is today. However, Noel rose above his illness and built a positive life for himself. Mr. Neff was in the National Honor Society in High School, he was the editor of the school newspaper, vice president of his senior class, captain of the golf team and voted student of the year by his peers. After high school, Mr. Neff attended the University of Florida graduating on time with a degree in Journalism and Communications. Mr. Neff has been active in community service his

entire adult life volunteering countless hours of work for numerous charitable causes both in Florida and Connecticut. Most recently he has volunteered at various charities in the Norwalk, Connecticut area including the Norwalk Maritime Museum and Meals on Wheels.[1]

So again how does someone like Noel Neff find himself facing such serious criminal charges. The answer may lie in the enormous stresses in his life and his inability to address these stresses in an appropriate manner. The PSR accurately describes the circumstances of Noel's life prior to his arrest and need not be repeated here. However, internet addiction is real and Noel's Neff is a casualty of internet addiction. Some people abuse drugs or they gamble to excess, both of which lead to a self destructive lifestyle. In this case, Mr. Neff' addiction to the internet may have been compounded by sexual issues he faced at this time. Both of these issues combined led Noel Neff to engage in extremely self destructive behavior resulting in the destruction of an otherwise very productive life.

Noel does not see his arrest and incarceration as the end of his life. He recognizes he has serious sexual problems and an addictive personality. He also recognizes that he needs significant therapeutic intervention to successfully deal with his problem. He is requesting the Honorable Court to recommend to the Bureau of Prisons that he receive sex offender treatment programs offered by the BOP. It is the understanding of counsel that the BOP has instituted a sex offender program at their facility in Devons, Mass., which is obviously much closer to his home in Connecticut. For this reason Mr. Neff request assignment to Fort Devons. However, if counsel's understanding is mistaken, Mr. Neff requests he receive treatment at the BOP facility in Butner, North Carolina.

---

[1] Mr. Neff is also asking the Court to consider his charitable efforts as a ground for a downward departure under U.S.S.G. 5H1.11.

II       GROUNDS FOR DEPARTURE ON FINANCIAL PENALTY

Mr. Neff requests the Court to depart downward on any potential fine the Court is considering in fashioning the appropriate sentence. Mr. Neff's is in dire financial condition as a result of his incarceration. Additionally, when Mr. Neff is released from incarceration he will be seeking employment which may be very difficult due to the nature of the conviction in this case. Finally, upon his release Mr. Neff will be faced with all of the stresses of re-entry into society and the extra burden of an excessive fine may undermine all of the treatment he received while incarcerated.

III      CONCLUSION

Mr. Neff respectfully requests the Honorable Court to impose the minimum period of incarceration allowed under the law for his conviction, sixty (60) months. A substantially greater period of incarceration will impede his rehabilitative efforts and significantly impede his efforts to become a productive member of society. Finally, Mr. Neff requests he receive treatment under the sexual offender program at the Butner BOP Facility, upon his completion of said treatment, the court recommend to the Bureau of Prisons that Mr. Neff be incarcerated as close to the state of Connecticut as possible so he may maintain a relationship with his family.

                                                    THE DEFENDANT
                                                    NOELNEFF


                                        ___/s/FrancisL.O'Reilly_____
                                        Francis L. O'Reilly
                                        87 Ruane Street
                                        Fairfield, CT 06430
                                        203-319-0707
                                        Fed. Bar No.: 17505


                                                  ~~CERTIFICATION~~

This is to certify that a copy of the foregoing was mailed, postage paid, this date to the following:


Robert E. Richardson, Esq.
Assistant United States Attorney
Federal Courthouse
1 Courthouse Way
Boston, MA 02210


                                              _____/s/FrancisL.O'Reilly_____
                                                 Francis L. O'Reilly