UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10184-GAO |
| | ) | |
| NOEL NEFF | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America respectfully files this memorandum in response to the Memorandum in Aid of Sentencing filed by defendant Noel Neff (the "defendant").

**I.      THE PSR CORRECTLY CALCULATES THE SENTENCING RANGE**

The defendant objects to paragraph 34 of the Presentence Report ("PSR"), which applies a 2-level enhancement to the defendant's offense level based on "undue influence." Specifically, the PSR finds, pursuant to U.S.S.G. §2G1.3(b)(2)(B), that the defendant "unduly influenced a minor to engage in prohibited conduct . . . ." PSR ¶ 34. In so doing, the PSR looks to Guidelines Commentary that provides:

> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption, for purposes of subsection (b)(2)(B), that such participant unduly influenced the minor to engage in prohibited sexual conduct.

The PSR notes that in this case "Chris," the 14-year-old boy with whom the defendant thought he was dealing, was more than ten years younger than the defendant. PSR ¶ 34.

The defendant argues that this enhancement should not apply in a case involving an undercover agent as opposed to an actual 14-year-old boy. This position, however, was rejected by the Eleventh Circuit in United States v. Root, 296 F.3d 1222 (11th Cir. 2002). In Root, the Eleventh Circuit noted that the definition of "victim" for purposes of the Guideline then in effect included an undercover officer:

> "Victim" means (A) an individual who, except as provided in subdivision (B), had not attained the age of 16 years; or (B) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 16 years.

Root, 296 F.3d at 1232. In the current version of the Guidelines, the definition of "minor" similarly includes undercover officers who represent that they have not yet attained the age of 18 years. U.S.S.G. §2G1.3, comment. (n.1). The Root court also observed that the amendment explaining the reasoning behind implementing such an expanded definition of "'victim' was to ensure that offenders who are apprehended in undercover operations, like Root, are appropriately punished." Root, 296 F.3d at 1232, citing Amend. 592, cmt. (2000). The Root court further noted the rebuttable presumption of undue influence where the victim is more than ten years younger than the defendant, and cited research that the Sentencing Commission relied on in determining that "persons who are much older than a minor are frequently in a position to manipulate the minor due to increased knowledge, influence, and resources." Root, 296 F.3d at 1233, citing Amend. 592, cmt. But see United States v. Chriswell, 401 F.3d 459 (6th Cir. 2005)(holding enhancement inapplicable where victim is undercover); United States v.Mitchell, 353 F.3d 552 (7th Cir. 2003)(holding enhancement inapplicable in attempt cases, including cases involving undercovers).

     Here, the defendant thought he was dealing with a 14-year-old boy. As the Court is aware from the evidence presented at trial, in their first instant messaging ("IM") conversation, the defendant ascertained that "Chris" (in reality an undercover agent, or "UCA"), was 14 and had "feelings for guys," and then told "Chris" that he would answer any questions that "Chris" had and that "Chris" could IM him any time. PSR ¶ 9. After this initial IM chat, the UCA had over twenty additional IM conversations and e-mail exchanges with the defendant, the last of which

occurred on July 8, 2005. Through the course of these IM conversations and e-mail exchanges, the defendant provided details about his personal life, including his name (Noel Neff), age (46, born February 4, 1959), photographs of himself, occupation (writer for the Weekly Reader), and hobbies, and expressed a strong interest in the personal life of the UCA. In addition, the defendant provided sexually explicit advice to the UCA, in which he described how two males engage in sexual intercourse, and expressed a strong desire to meet the UCA and to be a friend and sexual mentor to the UCA. PSR ¶ 10. The PSR reproduces portions of a number of these IM conversations.

Moreover, while not necessarily referenced in the PSR, the Court will recall that the trial evidence included evidence that the defendant, by virtue of him employment with Weekly Reader, offered to try to help "Chris" meet Patriots quarterback Tom Brady (although this ultimately did not work out); further indicated that he wanted to buy things for "Chris"; and showed up at the location at which he though he was going to rendezvous with "Chris" with pornographic magazines and condoms to which, as an adult, he had access.

In sum, the defendant attempted to exploit precisely the sort of "increased knowledge, influence, and resources" that warrant application of the enhancement for undue influence. While the Mitchell court found the enhancement does not apply unless a defendant actually succeeds in compromising a minor's voluntariness, and while the Chriswell court similarly found that an undercover agent could not be unduly influenced for purposes of the enhancement, the government believes the Root decision to be the better-reasoned. In particular, applying the enhancement under these circumstances helps to provide like punishment for like conduct: this defendant should not receive a benefit due to the fortuity that he was not, as he thought, dealing

with a minor but instead was dealing with an undercover.

## II. THE COURT SHOULD IMPOSE A GUIDELINES SENTENCE

For the reasons that follow, the government urges the Court to impose a sentence of 78 months, which is within the Guidelines Sentencing Range. PSR ¶ 129. The First Circuit has indicated that the Guidelines are to be accorded "substantial weight" at sentencing and, in this case, a Guidelines sentence is eminently reasonable based on a consideration of the relevant statutory factors.  18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220 (2005); United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006).

First, the sentence is reasonable both in terms of the offense and the history and circumstances of the defendant. 18 U.S.C. § 3553(A)(1). The facts show that the defendant used the internet in order to entice a 14-year-old boy to engage in unlawful sexual activity, and then drove from Connecticut to Massachusetts, equipped with pornographic magazines, a book entitled My First Time, and condoms in order actually to engage in sexual conduct with a 14-year-old boy. Congress views the internet solicitation offense alone as sufficiently serious that it carries a five-year minimum mandatory sentence. 18 U.S.C. § 2422(b). Here, the defendant greatly exacerbated the gravity of his conduct by traveling to Massachusetts to carry out actual illicit sexual conduct with a minor. Thus, the seriousness of the offenses alone warrants a Guidelines sentence.

Moreover, according to the defendant's own statements to "Chris" in the course of their IM conversations, this case did not represent his first foray into illicit sex with minors, and thus the circumstances of the defendant likewise warrant a Guidelines sentence. The defendant described for "Chris" in rather graphic detail his encounters both with a 15-year-old boy named

4

"Ronny" and a 17-year old in California whom he called "Brad" (18 being the age of consent in California).  See PSR ¶¶ 11-12.  Thus, while the defendant has no prior convictions, he has, by his own admission, engaged in prior illegal acts similar in kind to those for which he stands convicted.

In short, both the seriousness of the offense and the characteristics of the defendant warrant a Guidelines sentence.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A).

Similarly, such a sentence is necessary both to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B), (C).  Internet solicitation of minors for sex is a problem of huge proportions in the United States, and the need to deter others from committing this offense and to protect the public from further such crimes by a particular defendant accounts for the relatively severe Guidelines range in this case.  Both the need for deterrence and the need to protect the public would be undercut by a sentence below the Guidelines range to the bare minimum mandated by Congress.

Next, the defendant himself has recognized that he can benefit from sex offender treatment.  A Guidelines sentence will not interfere with – to the contrary, will help facilitate – the defendant's receipt of such treatment while in the custody of the Bureau of Prisons. 18 U.S.C. § 3553(a)(2)(D).

Finally, such a sentence is appropriate to avoid unwarranted sentencing disparities among defendants.  See 18 U.S.C. § 3553(a)(6). As the First Circuit recognized in Jimenez-Beltre, 440 F.3d at 514, "the guidelines cannot be called 'just another factor' in the [§ 3553(a)] statutory list . . . because they are the only integration of the multiple factors and, with important exceptions, their calculations, were based upon the actual sentences of many judges . . ." (Citations omitted;

emphasis in original).  Here, the Guidelines take into account the general seriousness of sex offenses directed toward minors; the use of the internet in furtherance of such crimes, which Congress has recognized as particularly pernicious and dangerous in today's world; and, as noted above, the defendant's age and position, which make him particularly capable of influencing minors.  A Guidelines sentence would help to ensure that those committing these offenses in a substantially like manor will receive substantially like sentences.

In short, a Guidelines sentence under the facts of this case is reasonable.  A sentence of 60 months, which is 18 months below the low end of the Guidelines and is the bare minimum required by statute, would not sufficiently promote the purposes of sentencing set forth at 18 U.S.C. § 3553(a).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 12, 2006.

/s/Robert E. Richardson
ROBERT E. RICHARDSON